**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DELIUS ALEXANDER | : | |
| | : | |
| Plaintiff | : | |
| | : | Case No. 2:02-cv-03753 |
| v. | : | |
| | : | |
| IMG AMERICAS, INC. and IMG AG | : | |
| | : | |
| Defendants | : | |

## ORDER

      **AND NOW**, this ____ day of _____, 2002 upon consideration of Defendant IMG AG's Motion to Dismiss Plaintiff's Complaint and any opposition thereto, it is hereby **ORDERED** that Defendant IMG AG's Motion to Dismiss is **GRANTED**.  It is further **ORDERED** that Plaintiff's Complaint against IMG AG is hereby **DISMISSED** in its entirety with prejudice.

                                      BY THE COURT:

_____
                                                     J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| DELIUS ALEXANDER | : | |
| | : | |
| Plaintiff | : | |
| | : | Case No. 2:02-cv-03753 |
| v. | : | |
| | : | |
| IMG AMERICAS, INC. and IMG AG | : | |
| | : | |
| Defendants | : | |

### DEFENDANT IMG AG'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant IMG AG, by and through its undersigned counsel, Reed Smith LLP,

hereby moves under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff's

Complaint in its entirety with prejudice. The factual and legal grounds for this Motion are set

forth in the accompanying Memorandum of Law and the exhibits thereto, which are filed

contemporaneously herewith and incorporated herein by reference.

Respectfully submitted,

_____
John E. Quinn
Identification No. 19312
Erin M. O'Neill
Identification No. 82372
**REED SMITH, LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Attorneys for Defendant,
IMG AG

Dated:  August 19, 2002

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DELIUS ALEXANDER | : | |
| | : | |
| Plaintiff | : | |
| | : | Case No. 2:02-cv-03753 |
| v. | : | |
| | : | |
| IMG AMERICAS, INC. and IMG AG | : | |
| | : | |
| Defendants | : | |

**DEFENDANT IMG AG'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant IMG AG submits this Memorandum of Law in Support of its Motion to Dismiss the Complaint of Plaintiff Delius Alexander ("Alexander") pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

## I.    INTRODUCTION

IMG AG moves to dismiss Alexander's Complaint in its entirety for several reasons.  First, IMG AG was never Alexander's employer.  In addition, IMG AG and IMG Americas, Inc. cannot constitute a single employer for purposes of the anti-discrimination laws because IMG AG and IMG Americas, Inc. did not have sufficient functional integration of operations, common management, centralized control of labor relations, and common ownership. Accordingly, because IMG AG and IMG Americas, Inc. are not a single employer, Count One fails to state a claim against IMG AG and thus, this Court lacks subject matter jurisdiction.

Second, in the alternative, to the extent that Count One sets forth a claim of gender

discrimination, such a claim must be dismissed because it is outside the scope of Alexander's

administrative discrimination charge.  Finally, Count Two must be dismissed because

Pennsylvania does not recognize a cause of action for wrongful discharge based upon a breach of

the duty of good faith and fair dealing in an at-will employment relationship.  Therefore,

Alexander's Complaint should be dismissed in its entirety.

## II.    **FACTUAL BACKGROUND**

IMG AG is a Swiss corporation located in St. Gallen, Switzerland.  The Affidavit

of Thomas Gutzwiller, the Chief Executive Officer of IMG AG, is attached hereto as Exhibit

"A" ("Gutzwiller Aff.").  Gutzwiller Aff., ¶ 3.  IMG Americas, Inc. is a Pennsylvania

Corporation located in Kennett Square, Pennsylvania.  The Affidavit of John O'Neill, the Chief

Executive Officer of IMG Americas, Inc., is attached hereto as Exhibit "B" ("O'Neill Aff.").

O'Neill Aff., ¶ 7. Presently, IMG Americas, Inc., is a wholly owned subsidiary of IMG AG.

Gutzwiller Aff., ¶ 4; O'Neill Aff., ¶ 5.  However, IMG Americas, Inc. did not become the wholly

owned subsidiary of IMG AG until on or about September 30, 2000.  Gutzwiller Aff., ¶ 5;

O'Neill Aff., ¶ 6.

Alexander was hired by IMG Americas, Inc. on or about October 26, 1998 as

Manager of Manufacturing for IMG Americas, Inc.  O'Neill Aff., ¶ 9.  Due to market conditions,

IMG Americas, Inc. laid off approximately 25 employees in 1999 and 2000.  Id. at ¶ 10.  On or

about July 31, 2000, Alexander was laid off.  Id. at ¶ 11.  John O'Neill, Alexander's supervisor,

made the decision to eliminate Alexander's position and terminate her employment as part of IMG Americas, Inc.'s continuing reduction in force. Id. at ¶ 12-13. Alexander was never an employee of IMG AG and IMG AG did not make or participate in the decisions to hire her or terminate her employment. Gutzwiller Aff., ¶ 8, 10; O'Neill Aff., ¶ 14. Most importantly, IMG AG did not become the parent company of IMG Americas, Inc. until two months after Alexander was terminated. Gutzwiller Aff., ¶ 9. Therefore, during the entire time period that Alexander was employed by IMG Americas, Inc., IMG AG was not the parent company of IMG Americas, Inc.

Further, IMG AG has never supervised the daily operation of IMG Americas, Inc. Gutzwiller Aff., ¶ 11; O'Neill Aff., ¶ 15. IMG AG also has never exercised control over IMG Americas, Inc.'s day to day activities or day to day personnel decisions. Gutzwiller Aff., ¶ 12-13; O'Neill Aff., ¶ 16-17. IMG AG has never hired or fired employees of IMG Americas, Inc., effectively recommended the same, or even given prior approval. Gutzwiller Aff., ¶ 15. In fact, IMG Americas, Inc. has never even needed IMG AG's permission, advice or authorization before hiring, firing or rehiring employees. Gutzwiller Aff., ¶ 14; O'Neill Aff., ¶ 18. Further, IMG AG has never had control of IMG Americas, Inc.'s employees' records and IMG AG has never had approval power over the personnel policies of IMG Americas, Inc. Gutzwiller Aff., ¶ 16-17; O'Neill Aff., ¶ 19. Moreover, IMG AG has never repeatedly transferred management level personnel between IMG AG and IMG Americas, Inc. and the two companies do not use the same work force or business offices. Gutzwiller Aff., ¶ 18-19. Finally, IMG AG and IMG Americas, Inc. have always kept separate accounting books. Id. at ¶ 20. Thus, for all purposes,

IMG Americas, Inc. has always operated and made business and personnel decisions as a separate corporation.

Following her termination from IMG Americas, Inc., on August 30, 2000 Alexander filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that IMG Americas, Inc. had discriminated against her because of her race. A copy of the EEOC charge is attached hereto as Exhibit "C". Alexander did not allege that she was discriminated against because of her gender. On December 18, 2001, Alexander filed the instant suit against both IMG Americas, Inc. and IMG AG. By agreement, the case was transferred to the Eastern District of Pennsylvania as venue was not proper in Delaware. A copy of the Complaint is attached hereto as Exhibit "D".

In Count One of her Complaint, Alexander alleges that she was "illegally terminated" because of "her race, African-American and her sex, female." Complaint, ¶ 12. In Count Two of her Complaint, Alexander alleges that she was wrongfully terminated in violation of "the covenant of good faith and fair dealing." Complaint, ¶ 18. For the reasons discussed below, Alexander's Complaint must be dismissed in its entirety.

## III.    STANDARD OF REVIEW

F.R.C.P. 12(b)(1) provides that a party may move to dismiss a lawsuit for lack of jurisdiction over the subject matter. Jurisdiction may be challenged factually or facially. Sneberger v. Cruise 411.com, Inc., No. CIV. A. 00-CV-3023, 2001 WL 322558, *2 (E.D. Pa. Jan. 31, 2001) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir.

-4-

1977)).  When the challenge is factual, the court is not bound by the facts of the pleadings.  Id. (citing Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997)).  Instead, the court is "free to weigh the evidence  and satisfy itself as to the existence of its power to hear the case."  Id. (citing Mortensen, 549 F.2d at 891).  The court may consider affidavits and other relevant evidence outside of the pleadings.  Ellis v. Mohenis Services, Inc., No. CIV. A. 96-6307, 1997 WL 364468 (E.D. Pa. June 18, 1997).  In addition, the court should "not attach any presumptive truthfulness to the plaintiff's allegations."  Sneberger, 2001 WL 322558 at *2.  "Furthermore, the plaintiff has the burden of proof that jurisdiction does in fact exist."  Id. (citing Kehr Packages Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1406 (3d Cir. 1991)).  Dismissal is proper, where the federal claim is "wholly insubstantial and frivolous."  Id. (citing Kulick v. Pocono Downs Racing Ass'n, Inc., 816 F.2d 895, 898 (3d Cir. 1987)).

F.R.C.P. 12(b)(6) provides that a defense of "failure to state a claim upon which relief can be granted" may be raised by motion in response to a pleading.  F.R.C.P. 12(b)(6).  In considering a motion to dismiss under F.R.C.P. 12(b)(6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, "legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness."  Plater-Zyberk v. Abraham, No. 97-3322, 1998 WL 67545, *3 (E.D. Pa. Feb. 17, 1998).  A complaint should be dismissed if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Further, if

matters outside the pleading are presented to and not excluded by the court, the motion shall be

treated as one for summary judgment. F.R.C.P. 12(b).

IV.    **ARGUMENT**

    A.    **Count One Must Be Dismissed In Its Entirety Because IMG
       AG Was Not Alexander's Employer And IMG AG Does Not
       Constitute A "Single Employer" With IMG Americas, Inc.**

    Alexander's allegations of discrimination under Title VII and Section 1981 in

Count One are premised upon her assertions that she was employed by both IMG Americas, Inc.

and IMG AG.  Plaintiff's Complaint, ¶ 11, 15.  In order for IMG AG to be liable under Count

One, however, the Court must find that IMG AG was in fact Alexander's employer, since

liability for Alexander's termination can lie only with her employer.  Jackson v. National

Football League, No. 92 Civ. 7012, 1994 WL 282105, *4 (S.D.N.Y. June 21, 1994).  Despite

Alexander's conclusory assertions to the contrary, IMG AG was not Alexander's employer.

Gutzwiller Aff., ¶ 8.  Therefore, because IMG AG did not employ Alexander, it can only be held

liable under Title VII and Section 1981 if Alexander is able to allege facts sufficient for IMG AG

to be considered a "single employer" with IMG Americas, Inc., Alexander's actual employer.

Hartmann v. Chestnut Hill College, No. CIV.A. 00-1400, 2000 WL 1016655, *1 (E.D.Pa. July 7,

2000).

    During the time Alexander was employed by IMG Americas, Inc., however, IMG

AG was not IMG Americas, Inc.'s parent corporation.  Gutzwiller Aff., ¶ 9.  Rather, IMG

Americas, Inc. only became a wholly owned subsidiary of IMG AG two (2) months after

Alexander was terminated.  Gutzwiller Aff., ¶ 5, O'Neill Aff., ¶ 6, 11.  Thus, the single employer

doctrine, under which parent corporations are held liable for the employment decisions of a subsidiary, should not even apply.  Assuming, however, that a parent-subsidiary relationship were deemed to exist or the single-employer doctrine were deemed to apply, IMG AG and IMG Americas, Inc. do not, in fact, constitute a "single employer".

A "single employer" relationship exists where "two nominally independent enterprises, in reality, constitute one integrated enterprise." Id. (citing NLRB v. Browning-Ferris Indust., Inc., 691 F.2d 1117, 1122 (3d Cir. 1982).  In making this determination, courts consider: (1) functional integration of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership.  Id; Martin v. Safeguard Scientifics, Inc., 17 F. Supp. 2d 357, 362 (E.D. Pa. 1998).  The application of these factors to IMG AG and IMG Americas, Inc. demonstrate that they do not constitute a single employer for determining subject matter jurisdiction.  Sneberger, 2001 WL 32258, *3 (holding that plaintiff failed to state a Title VII claim against defendants because the evidence before the court undermined the existence of a "single employer" relationship, and thus the court "lacke[d] subject matter jurisdiction" and granted the motion to dismiss).

In order to establish that IMG AG and IMG Americas, Inc. constitute a single employer, Alexander must demonstrate that IMG Americas, Inc. was a "mere instrumentality" that was "so dominated" by IMG AG "that it had no separate existence but was merely a conduit for" IMG AG.  Martin, 17 F.Supp. 2d at 362 (quoting Marzano v. Computer Science Corp., 91 F.3d 497, 513 (3d Cir. 1996)).  Although "no one factor dominates, control over employment carries significant weight." Id. at 363.  Moreover, there is a "strong presumption that a parent is

not the employer of its subsidiary's employees." Id. (quoting Frank v. US West, Inc., 3 F.3d 1357, 1362 (10th Cir. 1993)).  Indeed, "the courts have found parent corporations to be employers only in extraordinary circumstances." Id. (quoting Johnson v. Flowers Industries, Inc., 814 F.2d 978, 981 (4th Cir. 1987)).  Further, it is never sufficient to establish only that a chain of command eventually ends at the parent's headquarters. Id. With these principles in mind, the facts of this case clearly demonstrate that, despite Alexander's conclusory allegation that she was employed by both companies, there are insufficient facts for IMG AG to be considered a single employer with IMG Americas, Inc.

### 1.    Functional Integration of Operations

When considering the functional integration or interrelation of operations factor, courts consider, for example, "the sharing of administrative or purchasing services, interchanges of employees or equipment and commingled finances."  Ferrell v. Harvard Indust., Inc., No. CIV. A. 00-2707, 2001 WL 1301461 (E.D. Pa. Oct. 23, 2001). The operations of IMG AG and IMG Americas, Inc. were not sufficiently integrated to constitute a single employer.  For all purposes, IMG Americas, Inc. does and always has operated as a separate corporation.

Most notably, IMG AG was not even the parent company of IMG Americas, Inc. at the time of Alexander's employment with IMG Americas, Inc.  Gutzwiller Aff., ¶ 9.  Further, IMG AG has never supervised the daily operations of IMG Americas, Inc. or exercised control over its day to day activities.  Gutzwiller Aff., ¶ 11-12; O'Neill Aff., ¶ 15-16.  Further, IMG AG and IMG Americas, Inc. have never used the same work force or business offices because IMG

AG is located in St. Gallen, Switzerland and IMG Americas, Inc. is located in Kennett Square, Pennsylvania.  Gutzwiller Aff., ¶ 3, 6, 19.  In addition, the two companies have always kept separate accounting books.  Id. at ¶ 20.  The evidence is clear that the operations of IMG AG and IMG Americas, Inc. are and were completely separate and, as such, they cannot be considered to be functionally integrated in their operations.

### 2.    Common Management

With regard to common management, the evidence is clear that the management of IMG Americas, Inc. itself was responsible for the supervision and management of its own operations.  See generally, O'Neill Aff.  IMG Americas, Inc. employs its own management staff and at the time Alexander was employed by it, IMG AG certainly was not responsible for the management of IMG Americas, Inc.'s operations.  Id.  Further, IMG AG and IMG Americas, Inc. did not repeatedly transfer management-level personnel between the two companies.  Gutzwiller Aff., ¶ 18.  Rather, for all purposes, IMG Americas, Inc. has always operated and made decisions as a separate corporation.

### 3.    Centralized Control of Labor Relations

The centralized control of labor relations factor requires an examination of "whether the companies functioned as a single entity with regard to [their] relationships with employees."  Martin, 17 F.Supp.2d at 368.  To satisfy this prong, Alexander must demonstrate that IMG AG "control[led] the day-to-day employment decisions of" IMG Americas, Inc.  Id.  Further, the critical question is, which "entity made the final decisions regarding employment

-9-

matters related to the person claiming discrimination?"  Frank, 3 F.3d at 1363.  Thus, this Court

"fundamentally [ ] should be investigating" IMG AG's "actual role in the alleged discriminatory

. . . employment practices."  Id.

There are, however, absolutely no facts upon which this Court could conclude that

IMG AG and IMG Americas, Inc. had centralized labor relations.  IMG AG has never exercised

control over IMG Americas, Inc. day to day personnel decisions.  Gutzwiller Aff., ¶ 13; O'Neill

Aff., ¶ 17.  IMG AG also has never hired or fired any employees of IMG Americas, Inc.,

effectively recommended the same or even given prior approval.  Gutzwiller Aff., ¶ 15.  Further,

IMG Americas, Inc has never needed IMG's permission, advice or authorization before hiring,

firing, or rehiring employees.  Gutzwiller Aff., ¶ 14; O'Neill Aff., ¶ 18.  Moreover, IMG AG has

never  had control of IMG Americas, Inc.'s employees' records.  Gutzwiller Aff., ¶ 16.  IMG AG

also has never had approval power over the personnel policies of IMG Americas, Inc.

Gutzwiller Aff., ¶ 17; O'Neill Aff., ¶ 19.

With regard to Alexander, IMG AG did not make or participate in the decision to

hire her.  Gutzwiller Aff., ¶ 10.  Rather, Alexander was hired by IMG Americas, Inc. as Manager

of Manufacturing for IMG Americas, Inc.  O'Neill Aff., ¶ 9.  Similarly, IMG AG did not make

or participate in the decision to terminate Alexander's employment.  Gutzwiller Aff., ¶ 10;

O'Neill Aff., ¶ 14.  Rather, Alexander's supervisor at IMG Americas, Inc., John O'Neill, made

the decision to eliminate Alexander's position and terminate her employment as part of IMG

Americas, Inc's continuing reduction in force, which resulted in approximately 25 employees of

IMG Americas, Inc. being laid off in 1999 and 2000.  O'Neill Aff., ¶ 10-14.  Moreover, IMG AG

was not even the parent company of IMG Americas, Inc. during the time that Alexander was employed by IMG Americas, Inc.  Gutzwiller Aff.,  ¶ 9.  Accordingly, there are no facts upon which this Court could conclude that IMG AG controlled the day-to-day employment decisions of IMG Americas, Inc., or participated in decisions regarding employment matters related to Alexander, let alone made the final decision regarding her termination.

### 4.    Common Ownership or Financial Control

With regard to common ownership, it is undisputed that IMG AG did not become the parent company of IMG Americas, Inc. until two (2) months after Alexander's employment with IMG Americas, Inc. was terminated.  Alexander was hired by IMG Americas, Inc. on or about October 26, 1998 and her employment was terminated on or about July 31, 2000.  O'Neill Aff., ¶ 9, 11.  However, IMG Americas, Inc. did not become a wholly owned subsidiary of IMG AG until on or about September 30, 2000.  Gutzwiller Aff., ¶ 5; O'Neill Aff., ¶ 6.  Accordingly, at the time Alexander was employed by IMG Americas, Inc., it was not owned in any manner by IMG AG.

The simple fact is that IMG AG and IMG Americas, Inc. were separate legal business entities.  There is insufficient evidence to establish that the two companies had integrated operations, common management, centralized control of labor relations, and common ownership.  As such, IMG AG and IMG Americas, Inc. are not a "single employer" for purposes of Alexander's claims of discrimination pursuant to Title VII and Section 1981.  Accordingly, Count One of Alexander's Complaint fails to state a claim against IMG AG and thus, this Court

lacks subject matter jurisdiction over Count One.  Sneberger, 2001 WL 32258, *3 (holding that plaintiff failed to state a Title VII claim against defendants because the evidence before the court undermined the existence of a "single employer" relationship, and thus the court "lacke[d] subject matter jurisdiction" and granted the motion to dismiss).  Therefore, IMG AG respectfully requests that its Motion to Dismiss be granted and Count One of Alexander's Complaint be dismissed with prejudice.

> **B.**     **In The Alternative, Count One Must Be Dismissed To The Extent It Sets Forth A Gender Discrimination Claim Because Such A Claim Is Outside The Scope Of Alexander's Administrative Charge**

In the alternative, Count One of Alexander's Complaint should be dismissed to the extent it sets forth claim of gender discrimination because such a claim is outside the scope of her administrative charge.  Alexander never filed a timely EEOC charge, or for that matter, any EEOC charge, setting forth a gender discrimination claim.

Rather on August 30, 2000, Alexander filed a charge of discrimination with the EEOC alleging that she had been discriminated against because of her race.  Exhibit "C".  The charge focused exclusively on alleged racial discrimination. Id.  It is fundamental that a plaintiff may not maintain a Title VII action about claims that were not the subject of a timely EEOC charge.  See 42 U.S.C. § 2000e-5(f)(1).  One who fails to file a timely charge about an allegedly discriminatory act is barred from attacking that act in federal court because "a district court [may] only . . . assert jurisdiction over Title VII claims that are included in an EEOC charge. . . ."  Butts v. City of New York Development of Housing, 990 F.2d 1397, 1401 (2d Cir. 1993); Bihler

v. Singer Co., 710 F.2d. 96, 97 (3d Cir. 1993); Garvey v. Dickinson College, 775 F. Supp. 788, 800-01 (M.D. Pa. 1991).

In determining whether the administrative prerequisites to bringing suit in federal court are satisfied, a court should determine whether the "acts complained of were fairly within the scope of the EEOC complaint and the ensuing investigation." Parsons v. City of Philadelphia, 822 F. Supp. 1181, 1184 (E.D. Pa. 1993). Here, Alexander's charge of discrimination filed with the EEOC alleges only that that she was discriminated against in violation of Title VII because of her race. Exhibit "C". Nowhere in the four corners of the EEOC charge is there ever any mention of alleged discrimination because of her gender. Id.

Thus, in applying the well settled law to the plain meaning of Alexander's EEOC charge, a gender discrimination claim was not within the reasonable scope of her administrative charge and, therefore, she cannot pursue this claim now. See Antol v. Perry, 82 F.3d 1291, 1295-96 (3d Cir. 1996) (dismissing gender discrimination claims outside the scope of the administrative complaint because "the gravamen of plaintiff's complaint was a disability discrimination"); Hamilton v. Servistar Corp., CIV. A. No. 94-2426, 1995 WL 66706, *8 (E.D. Pa. Feb. 19, 1995) (holding a Title VII retaliation claim was not fairly within the scope of EEOC race discrimination charge); Anjelino v. New York Times Company, CIV. A. No. 92-2582, 1993 WL 170209 at *9-11 (D.N.J. May 14, 1993) (dismissing hostile environment claim as not reasonably within the scope of sex discrimination charge).

Having failed to raise a claim of gender discrimination at the administrative agency level, Alexander must be precluded from asserting such a claim now in her federal court Complaint.  Therefore, as an alternative to the relief requested above, IMG AG respectfully requests that its Motion to Dismiss be granted at least with respect to Alexander's claim of gender discrimination in Count One.

**C.    Count Two Must Be Dismissed In Its Entirety Because Pennsylvania Does Not Recognize A Cause Of Action For Wrongful Discharge Based Upon A Breach Of The Implied Covenant Of Good Faith And Fair Dealing When The Employment Is At-Will**

In Count Two of Alexander's Complaint, she attempts to set forth a claim for wrongful termination based upon a breach of the duty of good faith and fair dealing.  Complaint, ¶ 17-20.  The law is well settled that such a claim is not recognized under Pennsylvania law. "Pennsylvania recognizes no action for wrongful discharge based upon breach of the duty of good faith and fair dealing in an at-will employment contract."  McDaniel and Cavullucci v. American Red Cross Johnston Region, 58 F. Supp. 2d 628, 634 (E.D.Pa. 1999)(citing Bruffett v. Warner Comm., 692 F.2d 910, 913 (3d Cir. 1982), Fucci v. Graduate Hosp., 969 F. Supp. 310, 320 (E.D.Pa. 1997); Green v. Bryant, 887 F. Supp. 798, 803 (E.D.Pa. 1997); Cox v. Vogel, No. CIV. A. 97-3906, 1998 WL 438492, *8 (E.D. PA. July 29, 1998); Buckwalter v. ICI Explosives USA, Inc., No. 96 CV 4795, 1998 WL 54355, *16 (E.D. Pa. Jan. 8, 1998)).  Further, the mere fact that Alexander's termination is alleged to have violated the State of Delaware's public policy against discrimination, does not give rise to a public policy in Pennsylvania. Pennsylvania law precludes Alexander from pursuing such a claim for breach of the duty of good

-14-

faith and fair dealing.  Woomer v. Landis & Gyr, Inc., No. Civ.A. 97-2074, 1997 WL 256940

(E.D.Pa. May 14, 1997)(granting Defendant's 12(b)(6) motion because "[u]nder Pennsylvania

law, there is no cause of action for breach of the implied covenant of good faith and fair dealing

when the employment is at-will).  In addition, even assuming for the sake of argument only that

Delaware law applies, such a claim is not viable against IMG AG because, among other things,

IMG AG was not Alexander's employer.  Cimino v. Delaware Dep't of Labor., CIV. A. No. 01-

458, 2002 WL 265095, *3 (D. Del. Feb. 25, 2002).  Accordingly, Count Two must be dismissed.

## V.    CONCLUSION

For all of the reasons discussed above, IMG AG respectfully requests that this

Court enter an Order dismissing Alexander's Complaint against it in its entirety with prejudice.

Respectfully submitted,

_____
John E. Quinn
Identification No. 19312
Erin M. O'Neill
Identification No. 82372
**REED SMITH, LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Attorneys for Defendant,
IMG AG

Dated:  August 19, 2002

-15-

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies she served a copy of the Defendant IMG AG's Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support thereof upon the following counsel of record via United States, first class mail, postage prepaid, this 19th day of August, 2002:

> R. Stokes Nolte, Esquire
> Nolte & Broadway
> Three Mill Road
> Suite 304
> Wilmington, DE  19806
>
>
> Virginia L. Flick, Esquire
> Dilworth Paxson LLP
> 3200 Mellon Bank Center
> 1735 Market Street
> Philadelphia, PA  19102

_____

Erin M. O'Neill