**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DELIUS ALEXANDER,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**IMG AMERICAS, INC. and IMG AG,** )<br>)<br>Defendants. ) | C.A. NO.: 02-3753<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN OPPOSITION TO
IMG AMERICAS, INC. MOTION TO DISMISS PLAINTIFF'S GENDER
DISCRIMINATION CLAIM IN COUNT I AND COUNT II OF THE COMPLAINT**

Defendant IMG Americas, Inc. ("IMG America") moves to dismiss the discrimination claim in Count I and Count II of the Complaint of Delius C. Alexander ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff objects to the motion and this Memorandum of Law in opposition thereof:

### I.   FACTUAL BACKGROUND

IMG Americas is a Pennsylvania corporation located in Kennett Square, Pennsylvania. Plaintiff was hired by IMG in October, 1998. IMG terminated plaintiff's employment.

On August 30, 2000 plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that IMG Americas had discriminated against her because of her race and her gender. A complete copy of the EEOC charge is attached hereto as Exhibit A. A discrimination complaint was also filed with the Pennsylvania Human Relations Commission ("PHRC") alleging that IMG discriminated against plaintiff because of her race and gender.

### II.   STANDARD OF REVIEW

Defendant's motion seeks relief under Federal Rule of Civil Procedure 12(b)(6), which in accordance with that rule, should be treated as a Motion for Summary Judgment. Summary Judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the case, and an issue is genuine if the evidence is such that a reasonable fact finder could return a verdict in favor of the nonmovant. *See In re Headquarters Dodge, Inc.* 13 F.3d 674, 679 (3rd Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc,* 477 U.S. 242, 248 (1986)). When deciding a Motion for Summary Judgment, the Court must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Pacitti v. Macy's*, 193 F.3d 766, 772 (3rd Cir. 1999). The nonmoving party, however, must demonstrate the existence of a material fact supplying evidence, not mere allegations, for a reasonable jury to find for the nonmovant. *See Olson v. General Elec. Aerospace,* 101 F.3d 947, 951 (3rd Cir. 1996) (citation omitted). To raise a genuine issue of material fact, the nonmovant "need not match, item for item, each piece of evidence proffered by the movant but simply must exceed the 'mere scintilla' [of evidence] standard." *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.,* 998 F.2d 1224, (3rd Cir. 1993) (citations omitted). The nonmovant's evidence, however, must be sufficient for a reasonable jury to find in favor of the party, given the applicable burden of proof. *See Anderson,* 477 U.S. at 249-50.

**III.    DISCUSSION**

A. Count I.

Defendant's Motion to Dismiss the gender based element of plaintiff's Complaint is misplaced. At best, the scope of the plaintiff's EEOC Charge is a question of fact. Plaintiff admits that Title VII requires a complainant to file a charge of discrimination with the EEOC as

a prerequisite to commencing a civil action for discrimination. Defendant's assertion that the charge focused *exclusively* on alleged discrimination based on race," is simply incorrect. The EEOC charge alleges that "management made inappropriate comments concerning the ideal employee being a "white male who is thirty years old with a young hungry wife at home". Plaintiff specifically identified in the EEOC charge the gender of the management personal with whom she had problems as "(white male.)" and she identified what she believed to be discriminate beliefs of those individuals against "blacks and <u>women</u> in management."(emphasis added.

Further, plaintiff requested a "right to sue" letter prior to any determination of probable cause by the EEOC. Therefore, no determination of the results of its investigation was published by the EEOC. Defendant's argument that no gender based complaints were raised in the EEOC charge fails. Particularly when the charge is viewed, as it must be, in a light most favorable to the non-moving party.

B.  Count II.

While the parties may have stipulated or agreed to the change in venue, they have not as to choice of law. Plaintiff asserts, as the Complaint alleges, that the choice of law for this Court should be the laws of the State of Delaware. The plaintiff is a Delaware resident. The defendant does work in Delaware and the illegal employment activity is alleged to have occurred in Delaware. Clearly, this points to Delaware as the state with the most significant relationship to the acts complained of. The only significant relationship with the state of Pennsylvania is the fact that one of the two defendants is headquartered there. Apply a Choice of law analysis leads to the application of Delaware State law.

The Delaware Supreme Court has recognized the obligation of the employer to exercise

good faith and fair dealing within the employment context. *E.I. DuPont de Nemours and Co. v. Pressman*, Del. Supr., 679 A.2d 436 (1996), *Brodsky v. Hercules, Inc.*, 966 F.Supp. 1337, 1351 (D. Del. 1997).

Defendants argument as to Count II of the Complaint also fails.

Respectfully submitted,

_____
R. Stokes Nolte, Esquire
Nolte & Brodoway, P.A.
Three Mill Road
Suite 304
Wilmington, DE 19806
(302) 777-1700

and

_____
L. Oliver Frey, Esquire
Frey Petrakis Deeb Blum Briggs & Mitts, P.C.
1601 Market Street
Sixth Floor
Philadelphia, PA 19103
(215) 563-0500

Attorneys for plaintiff, Delius Alexander

Date:

**CERTIFICATE OF SERVICE**

  I, Jill F. Di Angelo, an employee of Nolte & Brodoway, hereby certify that two (2) true and correct copies of the foregoing Memorandum of Law in Opposition to IMG Americas, Inc. Motion to Dismiss Plaintiff's Claim in Count I and Count II of the Complaint was served by first class mail, postage prepaid, to the individual listed below on this 23rd day of August, 2002.

Virginia L. Flick, Esquire
Dilworth Paxson, LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103

John Quinn, Esquire
Reed Smith
1201 Market Street
Suite 1500
Wilmington, DE 19801

_____
L. Oliver Frey, Esquire
Frey Petrakis Deeb Blum Briggs & Mitts, P.C.
1601 Market Street
Sixth Floor
Philadelphia, PA 19103
(215) 563-0500

and

R. Stokes Nolte, Esquire
Nolte & Brodoway, P.A.
Three Mill Road
Suite 304
Wilmington, DE 19806
(302) 777-1700

Attorneys for plaintiff, Delius Alexander

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DELIUS ALEXANDER,** ) | |
| ) | C.A. NO.: 02-3753 |
| **Plaintiff,** ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | |
| **IMG AMERICAS, INC. and IMG AG,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

**AND NOW,** this _____ day of _____, 2002 upon consideration of Plaintiff's Memorandum of Law in Opposition to IMG Americas, Inc. Motion to Dismiss Plaintiff's Gender Discrimination Claim in Count I and Count II of the Complaint, it is **ORDERED** that Defendant IMG AG's Motion to Dismiss is **DENIED.**

BY THE COURT

_____
J.