```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DELIUS ALEXANDER              :    CIVIL ACTION
                              :
         v.                   :
                              :
IMG AMERICAS, INC. and        :
IMG AG                        :    NO. 02-3753
```

ORDER

AND NOW, this 13th day of November, 2002, upon consideration of the motions to dismiss of IMG Americas, Inc. and IMG AG, and plaintiff's responses thereto, and the Court finding that:

(a) In her complaint, Delius Alexander avers that she worked at IMG Americas, a Pennsylvania corporation with a business address in Kennett Square, Pennsylvania, as a Recruiting Manager, from October 1998 until July 2000;

(b) Alexander alleges that she was discharged based on her race (African-American) and her sex (female);

(c) She has asserted claims against IMG Americas and its parent company, IMG AG, of unlawful discrimination under Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1981a (Count I), and breach of covenant of good faith and fair dealing under Delaware common law (Count II);

(d) IMG Americas and IMG AG have each filed motions to dismiss[1], which we shall address <u>seriatim</u> beginning with defendant IMG Americas' motion to dismiss;

(e) IMG Americas first claims that because the charge that Alexander brought with the EEOC "focused *exclusively* on alleged discrimination based on race," her Title VII claim of sex discrimination must be dismissed for failure to exhaust;

(f) It is well-settled that "a plaintiff under Title VII must file a timely charge with the EEOC before initiating suit in federal court," <u>Howze v. Jones & Laughlin Steel Corp.</u>, 750 F.2d 1208, 1210 (3d Cir. 1984);

(g) There must be congruity between the scope of the discrimination claims filed in federal court and the breadth of the complaint filed with the EEOC, or the statutory scheme of exhaustion would be eviscerated, <u>see</u> <u>Anjelino v. New York Times Co.</u>, 200 F.3d 73, 93-94 (3d Cir. 2000);

(h) As our Court of Appeals has explained,

> The preliminary step of the filing of the EEOC charge and the receipt of the right to sue notification are "essential parts of the statutory plan, designed to correct discrimination through administrative conciliation and persuasion if possible, rather than by formal court action." Because the aim of the statutory scheme is to resolve disputes by informal conciliation, prior to

---

[1] In considering a motion to dismiss, a court must accept the facts alleged in the complaint as true and all reasonable inferences that can be made from them. <u>Markowitz v. Northeast Land Co.</u>, 906 F.2d 100, 103 (3d Cir. 1990). A court may dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

>       litigation, suits in the district court are
>       limited to matters of which the EEOC has had
>       notice and a chance, if appropriate, to
>       settle.

Id. at 93 (citation omitted) (quoting Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976));

   (i)   Our Court of Appeals has held that "the 'parameters of a civil action in the District Court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination,'" Id. (quoting Ostapowicz, 541 F.2d at 398-99);

   (j)   Here, Alexander filed a timely EEOC charge of discrimination against IMG Americas and IMG AG;

   (k)   On the part of the form where the complainant is asked to check the box(es) that show the cause of discrimination, Alexander checked "race", but not "sex";

   (l)   In the narrative (in which Alexander, as directed, described "the particulars" of the discrimination), Alexander recounted,

>       [The Chief Operating Officer of IMG AG
>       Schlegel] made the comment that "the ideal
>       IMG employee is a white male who is thirty
>       years old with a young hungry wife at home."
>       After I heard the comments, I complained
>       about his racially insensitive and offensive
>       comments. ... I am also aware of the negative
>       comments made by Mr. Schlegel, other
>       partners, and other members of management in
>       the Worldwide headquarters regarding blacks
>       and women in management.

   (m)   Alexander noted that Hans Schlegel and Thomas Gutzwiller, the partners who allegedly made the offensive comments, were "white male[s]";

     (n)   The narrative concluded,

> I believe that I was subjected to discriminatory treatment because of my race (black), in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that others have been and will be discriminated against because they do not fit the "ideal image" Respondent is trying to create before going public.

     (o)   Reading Alexander's narrative as a whole, she depicted a managerial environment allegedly infected by racism and sexism;

     (p)   An EEOC officer investigating Alexander's charge of discrimination could reasonably be expected to look into sexism and racism against Alexander;

     (q)   Because discrimination based on sex falls within the scope of any reasonable investigation that the EEOC would conduct, Alexander has adequately exhausted her administrative remedies under Anjelino, and defendant's effort to dismiss the sex discrimination claim for failure to exhaust should be denied;

     (r)   IMG Americas next asserts that the claim in plaintiff's complaint of breach of covenant of good faith and fair dealing (Count II) should be dismissed because Pennsylvania does not recognize a cause of action for breach of covenant of good faith and fair dealing in the context of at-will employment contracts;

     (s)   Alexander responds that the claim is brought under Delaware law;

     (t)   The parties' briefs elide the salient issue of which state law applies, Delaware or Pennsylvania;

(u) We have conducted that analysis in the margin,[2] and because we conclude that Pennsylvania law controls, and Pennsylvania does not recognize a cause of action for breach of covenant of good faith and fair dealing in the context of at-will employment contracts, see McDaniel v. Amer. Red Cross, 58 F. Supp. 2d 628, 634 (E.D. Pa. 1999) (citing Bruffett v. Warner Communications, Inc., 692 F.2d 910, 913 (3d Cir. 1982)), Count II of the complaint shall be dismissed;

(v) Turning to defendant IMG AG's motion to dismiss, IMG AG, a Swiss corporation that is the parent company of IMG

---

[2] The choice-of-law rule of the forum state, Pennsylvania, determines which state's law to apply. Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Carrick v. Zurich Am. Ins. Group, 14 F.3d 907, 909 (3d Cir. 1994). In Pennsylvania, the Supreme Court has adopted a flexible rule, which is a combination of 'significant interest' and 'significant relationship' analyses. Id. at 909-10 (discussing choice of law in Pennsylvania). The test is which state has the greatest interest in the application of its law, and in assessing the relative interests, a court may compare the states' contacts with the controversy. See Cipolla v. Shaposka, 267 A.2d 854, 856 (Pa. 1979); Meyers v. Commercial Union Assurance Cos., 485 A.2d 1113, 1115-16 (Pa. 1984).

This controversy involves IMG Americas' alleged unjust termination of Delius Alexander. It is true that Alexander was a citizen of Delaware. However, Alexander worked not in Delaware, but in Pennsylvania. She reported to work at IMG America's Pennsylvania workplace. IMG Americas is a Pennsylvania corporation. Because the employment relationship is centered on Pennsylvania, Pennsylvania has the greatest interest in the application of its law to this dispute.

Any remedy that Alexander may receive would serve not only to compensate Alexander but to deter IMG Americas from injuring other employees in its Pennsylvania workplace. Furthermore, Pennsylvania has an interest in application of Pennsylvania law to relations between employers and employees in Pennsylvania workplaces. If, as plaintiff assumes, the law that applies varies depending on where each employee resides, that powerful interest of Pennsylvania would be ignored.

America, asserts that it is not Delius Alexander's employer under Title VII because it and IMG Americas are separate enterprises;

  (w) The facts that IMG AG set out take us beyond the scope of Alexander's complaint;

  (x) Because Alexander has not yet had opportunity to conduct discovery, we will deny IMG AG's application for dismissal on the basis that it is not Alexander's statutory employer without prejudice to its reassertion on a motion for summary judgment; and

  (y) IMG AG's other arguments repeat IMG Americas' contentions, and we will dispose of them in kind: we will not dismiss the claim of sex discrimination, but will dismiss the claim of breach of covenant of good faith and fair dealing;

  It is hereby ORDERED that:

  1. The motion to dismiss of IMG Americas (Doc. No. 4) is GRANTED IN PART AND DENIED IN PART;

  2. The motion to dismiss of IMG AG (Doc. No. 7) is GRANTED IN PART AND DENIED IN PART; and

  3. Count II of the Complaint is DISMISSED WITH PREJUDICE.

        BY THE COURT:

        _____
        Stewart Dalzell, J.